MEMORANDUM *
Guy William Savage appeals the sentence imposed following his guilty plea to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and two counts of bank robbery, in violation of § 2113(a). We affirm.
1. Savage’s appeal waiver bars our review of his argument that the district court failed to comply with two procedural rules imposed by Rule 32(i) of the Federal Rules of Criminal Procedure. Savage expressly waived his right to appeal “the manner in which [his] sentence [was] determined.” This language plainly encompasses the district court’s alleged errors under Rule 32(i)(l)(A) and (i)(4)(A)(ii). See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996) (“In reviewing a waiver of appeal, we ... focus ... upon the language of the waiver to determine its scope.”). United States v. Petty, 80 F.3d 1384 (9th Cir.1996), upon which Savage relies, is distinguishable. As Petty explains, the scope of a plea agreement turns on the intent on the parties. See id. at 1387. Here, in contrast to Petty, the language of the agreement refers to the manner in which the sentence was determined. It thus expressly covers the errors that Savage seeks to raise on appeal. Furthermore, in contrast to Petty, nothing in the parties’ statements or conduct contradicts the language of the agreement.
2. The district court “adequately explained] the chosen sentence.” Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Before imposing a below-Guidelines sentence, the court discussed in detail the seriousness of Savage’s offenses, including the number of bank robberies, the use of hoax bombs, that the robberies were “committed in a cruel and calculated way that are surely to lead to the intentional infliction of emotional distress on the bank tellers” and Savage’s recruitment of a homeless man as an accomplice. The court also discussed several mitigating factors, particularly the extreme pain and emotional distress Savage suffered while in custody as a result of gunshot wounds he sustained at the time *222 of his arrest. Finally, the court explained how it balanced Savage’s pain and suffering against the “other objectives of sentencing, such as just punishment for the offense, deterrence, and making sure that the sentence reflects the seriousness of what he did.”
3. The sentence is not substantively unreasonable. The district court reasonably concluded that, absent mitigation, Savage’s offenses were serious enough to warrant a sentence in excess of the Guidelines range. The court then reasonably determined that the extreme pain and suffering Savage suffered while in custody warranted a five-year reduction in his sentence. This resulted in a substantively reasonable, below-Guidelines term of 120 months in prison. See, e.g., United States v. Blinkinsop, 606 F.3d 1110, 1116 (9th Cir.2010) (“When a district judge has considered the § 3553(a) factors and the totality of the circumstances supports the sentence, we have held that the sentence is substantively reasonable....”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.